IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ANTHONY L. IVEY, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:06-CV-19 (WLS) |
| VS. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| Warden CYNTHIA NELSON, | : | |
| Medical Administrator: Ms. HUTTO; | : | |
| Deputy Warden Mr. JONES; | : | |
| Dr. SAAD; P.A. HOOPER; | : | |
| P.A. GARMON | : | |
| Defendant | : | **RECOMMENDATION** |

Plaintiff **ANTHONY L. IVEY**, an inmate at Autry State Prison in Pelham, Georgia, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis*.

### *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that he has been diagnosed with osteoporosis and he has severe pain in his back, right side of his body, right foot, and numbness in his toes. According to plaintiff, the physician at Autry State Prison (presumably Dr. Saad) prescribed ibuprofen, Robaxin, and a third medication to which plaintiff discovered he was allergic. Plaintiff states that the allergic reaction causes him severe itching accompanied by intense pains and cramping in the stomach.

Apparently plaintiff requested medical attention from December 1, 2005 through February 7, 2006 to address the allergic reaction to his medication and to obtain some alternative medicine. However, he was not seen by the physician.

Plaintiff also states that wardens (presumably Cynthia Nelson and Mr. Jones), along with the medical administrator (Ms. Hutto) have knowledge of his condition; but have discontinued his medical profile.

Plaintiff states that, following a fall from his top bunk, he was finally seen by P. A. Garman on February 7, 2006, however, this individual refused to help him obtain the medication he needs for his chronic condition.

Although plaintiff names P.A. Hooper in the caption of his complaint, he has made absolutely no allegations regarding this defendant in his complaint. In fact, in his Statement of Claim, plaintiff does not mention this physician's assistant at all. As plaintiff has failed to provide any information regarding how P.A. Hooper deprived him of a right, privilege or immunity secured

by the Constitution of the United States, it is **RECOMMENDED** that P.A. Hooper be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this Order.

**SO RECOMMENDED**, this 21st day of March, 2006.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE