**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ANTHONY L. IVEY, : <br> : <br> Petitioner : <br> : <br> v. :     1:06-cv-19 (WLS) <br> : <br> Warden CYNTHIA NELSON, et. al., : <br> : <br> Respondents : <br> : | |

## **ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge (Doc. 5) filed on March 21, 2006. It is recommended that Defendant Physician's Assistant ("P.A.") Hooper be dismissed from this action. Petitioner filed his timely objection to this recommendation on March 27, 2006. (Doc. 11).

In his recommendation, the Magistrate Judge found that Petitioner alleges to have requested medical attention from December 1, 2005 through February 7, 2006 for an alleged allergic reaction to medication prescribed for osteoporosis by a physician at Autry State Prison, where Defendant is housed. (Doc. 5). It was also found that Petitioner alleges that the prison wardens, presumably Defendants Cynthia Nelson and Mr. Jones, along with the medical administrator, Ms. Hutto, have knowledge of his condition; and that the three Defendants discontinued his medical profile. *Id*. It was further found that Petitioner alleges that he was finally seen by Defendant P.A. Garman on February 7, 2006 following a fall from his top bunk. *Id*. It was also found that Petitioner alleges that Defendant P.A. Garman refused to help him obtain the medication he needs for his osteoporosis. *Id*.

While it was found that Petitioner names Defendant P.A. Hooper in the caption of his complaint, it was also found that Petitioner has made absolutely no allegations regarding Defendant P.A. Hooper in his complaint. *Id*. It was further found that Petitioner did not mention Defendant P.A. Hooper in his statement of claim. *Id*. Based on the foregoing, it was found that Petitioner failed to provide any information regarding how Defendant P.A. Hooper deprived him of a right, privilege, or immunity secured by the United States Constitution. *Id*. Accordingly, it

1

is recommended that Defendant P.A. Hooper be dismissed from this action. *Id*.

In his objections to the Report and Recommendation, Petitioner alleges for the first time that Defendant P.A. Hooper first acknowledged his diagnosis for osteoporosis on August 12, 2005, and failed to treat it. (Doc. 11, *c.f.*, Doc. 3). Petitioner also alleges for the first time in the instant objection, and not in the Complaint, that Defendant P.A. Hooper failed to give him proper medical treatment on November 15, 2005. *Id*.

While Fed. R. Civ. P. 72 permits the district court to consider arguments and evidence not submitted to the Magistrate Judge, absent an explanation or justification as to why such arguments or evidence were not previously submitted, the district courts typically decline to consider them upon *de novo* review of a report and recommendation. *See* Freeman v. County of Bexar, 142 F.3d 848, 852 (5th Cir. 1998). Indeed, "[d]oing so would invite future litigants to adopt a 'wait and see' approach with respect to the magistrate judge's decision and then, with the benefit of the magistrate judge's opinion, offer a new set of arguments for the district judge to consider." *See* Sharp v. GMAC, 2005 U.S. Dist. LEXIS 36775 (N.D. Ga. 2005) (*citing* Freeman, 142 F.3d at 852). Accordingly, Petitioner's objections as to his heretofore non-existent claims against Defendant P.A. Hooper are overruled. Petitioner may properly seek to amend his complaint in accordance with the Federal Rules of Civil Procedure.

Upon full review and consideration upon the record, the Court finds that said Recommendation (Doc. 5) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and conclusions reached herein. Accordingly, Petitioner's claims against Defendant P.A. Hooper (Doc. 3) are **DISMISSED**.

**SO ORDERED**, this ___19th___ day of May, 2006.

       /s/W. Louis Sands  
      **W. LOUIS SANDS, CHIEF JUDGE**  
      **UNITED STATES DISTRICT COURT**