IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ANTHONY L. IVEY, :
 :
   Plaintiff, :
 :
vs. : Civil Action File No.
 : **1:06-CV-19 (WLS)**
 :
Warden CYNTHIA NELSON, et. al., :
 :
   Defendants. :
 :

## RECOMMENDATION

Presently pending in this *pro se* §1983 prisoner action is defendants' motion for summary judgment (Doc.16) and plaintiff's motion for summary judgment (Doc. 21).

Plaintiff alleges deliberate indifference to his serious medical needs while in custody at Autry State Prison. According to his complaint, plaintiff states that he has been diagnosed with osteoporosis and he has severe pain in his back, right side of his body, right foot, and numbness in his toes. According to plaintiff, the physician at Autry State Prison (presumably Dr. Saad) prescribed ibuprofen, Robaxin, and a third medication to which plaintiff discovered he was allergic. Plaintiff states that the allergic reaction causes him severe itching accompanied by intense pains and cramping in the stomach. Apparently plaintiff requested medical attention from December 1, 2005 through February 7, 2006 to address the allergic reaction to his medication and to obtain some alternative medicine. However, he was not seen by the physician. Plaintiff also states that wardens (presumably Cynthia Nelson and Mr. Jones), along with the

medical administrator (Ms. Hutto) have knowledge of his condition; but have discontinued his medical profile. Plaintiff states that, following a fall from his top bunk, he was finally seen by P. A. Garman on February 7, 2006, however, this individual refused to help him obtain the medication he needs for his chronic condition.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to

establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." Harris, 941 F.2d at 1505. It must involve the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25 (1993). Knowledge of the medical need alleged or circumstances clearly indicating the existence of such need is essential to a finding of deliberate indifference. Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1191 (11th Cir. 1994), quoting Horn ex rel. Parks v. Madison Co. Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994), cert. denied, 513 U.S. 873 (1994). In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. "It is......true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." McElligott v.

3

Foley, 182 F.3d 1248, 1256-1257 (11th Cir. 1999).

"[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay." Hill v. DeKalb RYDC, 40 F.3d 1176, 1191 (11th Cir. 1994). The "seriousness" of an inmate's medical needs may be decided by reference to the effect of delay in treatment. Hill, 40 F.3d at 1188. Where the delay in treatment results in an inmate's suffering "a life-long handicap or permanent loss, the medical need is considered serious." Id. Further, the Eleventh Circuit has held that "[t]he tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." Harris v. Coweta County, 21 F.3d 388, 393-94 (11th Cir.1994). Consequently, a delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay. Hill, 40 F.3d at 1189.

A medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994) (quotation marks and citation omitted).

Although none of the defendants submitted supporting affidavits or other documentation regarding plaintiff's medical care relevant to this case, plaintiff has filed numerous documents showing his requests for treatment, his receipt thereof, and grievances he has filed complaining about his treatment. (Doc. 20). Plaintiff, by virtue of his complaint and what is contained in the documents he has submitted, did in fact receive medical treatment. A review of the documents reveals the fact that plaintiff disagreed with the adequacy, the accuracy, and the timeliness of the

4

treatment he received for his medical conditions. Just because a plaintiff disagrees with the medical decision does not evidence deliberate indifference to his serious medical needs. This case presents a classic example of a plaintiff's disagreement with the medical judgment used in plaintiff's treatment, sounding in medical malpractice. To demonstrate "significant" harm, a plaintiff must provide verifying medical evidence that proves that it was the denial or delay in medical treatment that caused the harm rather than an underlying condition or injury. Hill, 40 F.3d at 1186; Harris, 21 F.3d at 393-94 (11th Cir.1994). Nothing plaintiff has provided the court, nor anything revealed by a review of the record, rebuts defendants' motion for summary judgment.

Consequently, it is the RECOMMENDATION of the undersigned that defendant's motion for summary judgment be **GRANTED** and that plaintiff's motion for summary judgment be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 7th day of February, 2007.

/S/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd